UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61024-CIV-ZLOCH

FUNSO M. ADEJOBI,

    Plaintiff,

vs.

**FINAL ORDER OF REMAND
AS TO COUNTS I, II, and IV**

CITY OF PLANTATION, and ERIC
CARLTON,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Notice of Removal (DE 1) filed herein by Defendant City of Plantation.  The Court has carefully reviewed said Notice and the entire court file and is otherwise fully advised in the premises.

    The Court notes that federal courts are courts of limited jurisdiction.  The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, removal is permitted of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b) (2006); Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987).  "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues." Id. (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

In her Complaint (DE 1, Ex. A), Plaintiff has asserted claims pursuant to 42 U.S.C. § 1983 and Florida state law. The basis for this Court's jurisdiction over said Complaint is 28 U.S.C. § 1331 as to the federal claim and 28 U.S.C. § 1367 as to the state law claims. Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (2006). It is clear that this Court has original jurisdiction over the federal law claim asserted in Count III pursuant to 28 U.S.C. § 1331. After reviewing Plaintiff's Complaint herein, the Court finds that the state law claims against Defendants in Counts I, II, and IV are so related to the federal claims in the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a) (2006). Therefore, this Court has the authority to exercise supplemental jurisdiction over the state law claims in the instant action.

Nevertheless, the Court's supplemental jurisdiction inquiry does not end here. In 1990, Congress codified the formerly well-entrenched jurisdictional doctrine denominated as pendent and ancillary jurisdiction set forth in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715 (1966). The relevant statute provides in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> (1) the claim raises a novel or complex issue of state law, [or]

2

>               (2)   the claim substantially predominates over the
>                     claim or claims over which the district court
>                     has original jurisdiction . . . .

28 U.S.C. § 1367(c) (2006).  Applying 28 U.S.C. § 1367(c)(1) and (2) to the instant facts, the Court finds that supplemental jurisdiction should not be exercised over the state law claims asserted in Counts I, II, and IV of the Complaint (DE 1, Ex. A) because those claims present questions of state law which would otherwise predominate over the federal claim present here.  The Court finds that such state law claims would tend to dominate the federal claim and obscure their significance.  <u>See</u> <u>Winn v. North Am. Philips Corp.</u>, 826 F. Supp. 1424, 1426 (S.D. Fla. 1993).  Therefore, the Court, pursuant to § 1367(c)(1) and (2), will exercise its discretion and remand the state law claims set forth in Counts I, II, and IV as such state law claims present both novel and complex questions of state law which would otherwise predominate over the federal claim presented here.

The Court recognizes that current trends in the law favor expanded federal court jurisdiction.  The Court is mindful, however, that Article III of the Constitution of the United States very clearly prescribes the scope of such jurisdiction.  While those who advocate a more liberal interpretation of Article III, as well as a complete disregard of the boundaries of federal jurisdiction originally defined by the founding fathers, may disagree with the limited view of federal jurisdiction expressed by

this Court and by the cases cited within this Final Order of Remand, the Court's decision herein is entirely faithful to the Constitution and to the intent of the founding fathers.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Counts I, II, and IV of Plaintiff's Complaint (DE 1, Ex. A) be and the same are hereby **REMANDED** to the state forum for further proceedings in that this Court declines to exercise supplemental jurisdiction over same; and

2. The Clerk of the United States District Court for the Southern District of Florida be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 09034317.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    22nd    day of July, 2009.

                                          _____
                                          WILLIAM J. ZLOCH
                                          United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court
Broward County, Florida
Case No. 09034317
(certified copy)